**STATE OF NEW YORK, DEPARTMENT OF SOCIAL SERVICES, Plaintiff–Appellant,**

v.

**Donna E. SHALALA, Secretary, U.S. Department of Health & Human Services, Louis D. Enoff, Acting Commissioner, Social Security Administration, Defendants–Appellees.**

No. 925, Docket 94–6160.

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1995.

Decided March 20, 1995.

Charles A. Miller, Washington, DC (Caroline M. Brown, Covington & Burling, Washington, DC, Susan V. Demers, General Counsel, New York State Department of Social Services, Albany, NY, Alan Pfeffer, Jo Ellen Berger, Department of Soc. Services, Albany, NY, of counsel), for plaintiff-appellant.

William J. Hoffman, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty. for the S.D.N.Y., Steven M. Haber, Asst. U.S. Atty., New York City, of counsel), for defendants-appellees.

Before: OAKES, MINER, and JACOBS, Circuit Judges.

PER CURIAM:

Plaintiff-appellant New York State Department of Social Services ("NYSDSS" or "the State") appeals from a judgment entered on April 14, 1994 in the United States District Court for the Southern District of New York (Stanton, J.) granting summary judgment in favor of defendants, the United States Department of Health & Human Services ("HHS"), Donna E. Shalala, the Secretary of HHS, the Social Security Administration ("SSA"), and Louis D. Enoff, Acting Commissioner of SSA, and dismissing NYSDSS's complaint. The district court upheld four decisions of HHS's Departmental Appeals Board ordering NYSDSS to return over $2.6 million in interest that it had earned on federal funds received between 1980 and 1987.

The federal funds at issue in this appeal were provided to NYSDSS to reimburse the state agency for expenses incurred in performing disability determinations under the federal disability benefits program. See 42 U.S.C. § 421(e). Specifically, NYSDSS requested the funds to cover its contributions to New York State's Public Employees' Retirement System ("PERS") on behalf of state employees working in the disability determination program. Although the funds were drawn from SSA at the beginning of each calendar quarter for work performed in the previous quarter, the State did not deliver the contribution to PERS until 15 months after the end of the state fiscal year in which the benefits accrued. Between the time that the federal funds were drawn and the time that the pension contributions were made, the State held the funds in an interest-bearing escrow account.

In four administrative decisions, HHS's Departmental Appeals Board ("DAB") held that NYSDSS violated SSA regulations by earning interest on federal funds that it had requested 15 to 24 months before turning over the funds to PERS. DAB primarily relied on federal regulations that require states to time their requests for funds as closely as possible to the actual disbursements. *See* 31 C.F.R. § 205.4(a). As a result of the DAB determinations, SSA was entitled to recover the $2.6 million in interest that the State earned on these funds.

Thereafter, NYSDSS filed the action giving rise to this appeal to obtain, pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2), judicial review of the DAB determinations. NYSDSS sought a declaratory judgment that it was not required to repay interest it earned on the federal funds and an injunction prohibiting HHS and SSA from recapturing the interest by disallowing other NYSDSS claims. Both sides moved for summary judgment, and the district court granted summary judgment in favor of defendants. The district court concluded that DAB's construction of the pertinent federal regulations was a permissible one, and it upheld DAB's determination that NYSDSS had violated SSA draw-down regulations. The court then rejected NYSDSS's argument that SSA lacked the authority to challenge the state agency's placement of federal funds into interest-bearing accounts, concluding that HHS regulations gave SSA authority to audit state practices and to disallow interest. The court also determined that a 1984 agreement between HHS's Division of Cost Allocation and NYSDSS, which ended the State's practice of requesting reimbursement for interest payments made to PERS to compensate it for the delayed pension contributions, did not authorize NYSDSS's actions. In response to NYSDSS's argument that the disallowances were improper because the State turned over any interest earned on the funds to PERS, the district court upheld DAB's determination that these costs were not authorized expenses. The district court also agreed with DAB that NYSDSS's reliance on the Intergovernmental Cooperation Act, 31 U.S.C. § 6503(a), was misplaced, since the reimbursements to NYSDSS did not consti-

tute "grants" within the meaning of that Act. Finally, the district court rejected NYSDSS's challenge to the calculation of the interest disallowed, finding that NYSDSS had failed to put forth any probative evidence in rebuttal.

We agree with the district court that DAB's administrative determinations were not arbitrary or capricious, an abuse of discretion, or otherwise contrary to law, *see* 5 U.S.C. § 706(2)(A), and we affirm the judgment of the district court substantially for the reasons set forth in Judge Louis B. Stanton's comprehensive opinion in *State of N.Y. Dep't of Social Servs. v. Shalala,* 876 F.Supp. 29 (S.D.N.Y.1994).